The plaintiff Barry has no interest in this litigation, which originates in an order of reference to ascertain the rights of the defendants with respect to each other. The appellant is the administratrix of the estate of Felix O'Neil, deceased. This estate has paid an amount on a bond of John Leyden, signed by O'Neil, McGloin and others, as sureties of Leyden. The proof satisfied the referee that McGloin was the only solvent surety of whom the estate of O'Neil could obtain contribution. It also satisfied him that McGloin signed the bond at the special instance and request of O'Neil, and on his express promise that he would indemnify and save him harmless from any loss in consequence of his becoming such surety. The court below has held that on these facts the defendant, McGloin, was not liable to contribute to the estate of O'Neil. The appellant, on the contrary, claims that it was error to allow the evidence of this request and agreement on the part of O'Neil, on the ground that it is admitting parol evidence to contradict a written contract; and also that if this request and agreement were properly proved, that the agreement was void as being a promise for the debt or default of a third person. Each of these positions are untenable.
McGloin and O'Neil did not enter into a written agreement with each other, but with the obligee in the bond. As between the obligee and the obligors it would be no defence that an arrangement had been made between the parties to the instrument, that some one or more of the obligors had agreed to pay in case of default of the principal, because the writing inter-partes
is the evidence of the agreement. But as between the various sureties there is no written agreement, there is only an equitable presumption raised by the fact of payment, that the sureties ought to contribute equally for the default of the principal. This equity can be rebutted by parol. (10 Barb. R.,
512; 6 ib., 199; Blake v. Cole, 22 Pick., 97.) As a test, to determine *Page 471 
whether the right of a surety against his co-sureties to contribution, is founded upon the written instrument or upon the equitable presumption of an agreement to contribute raised by the payment of the money, take the statute of limitations: When does it begin to run, from the time of the signature of the paper or the payment of the money? This question answers itself. Another test will lead to the same result. The written instrument signed by the principal and sureties was a bond under seal; the right to sue on this is limited to within twenty years from the time the cause of action accrued; will it be contended that the right of a surety to sue for contribution also extends to twenty years after payment by him? Or if we had the division of actions which formerly prevailed, would any lawyer bring an action of covenant or debt for contribution? These considerations seem to me to dispose of the whole case adverse to the claim of the appellant.
It is unnecessary to examine the other question, viz: whether the agreement on the part of O'Neil was not void by the statute of frauds, because McGloin does not seek to recover anything on the agreement. The case now is as though O'Neil had proceeded and paid the amount of the default of Leyden and then sued McGloin. A party who has voluntarily performed an agreement void by the statute, can never sue and recover what he has paid under it. It is not now needful therefore to determine whether this is an agreement which would be valid and which McGloin could enforce as against O'Neil, if he, McGloin, had been compelled to pay anything as surety. It will be in time to decide that when the question arises.
The judgment should be affirmed.
Judgment affirmed. *Page 472